

FILED

10/6/2025

1

MAN

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

CAPCOM CO., LTD.,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON

SCHEDULE "A,"

Defendants.

Case No. 25-cv-09860

Judge Mary M. Rowland

Magistrate Judge Young B. Kim

**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Cubold Gaming ("Defendant"), through undersigned counsel, submits this Answer
and Affirmative Defenses to the Complaint filed by Plaintiff Capcom Co., Ltd. ("Capcom" or
"Plaintiff"). Except as expressly admitted, Defendant denies every allegation. This Answer
constitutes a general denial under Federal Rule of Civil Procedure 8(b)(3).

**I. Jurisdiction and Venue**

Subject to and without waiving the defenses of lack of personal jurisdiction, improper venue, insufficient service of process, and all other defenses under Rule 12(b), Defendant answers as follows:

1. Defendant admits subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, as Plaintiff's claims arise under federal law.

2. Defendant denies personal jurisdiction. Defendant is not domiciled in Illinois, does not maintain offices, employees, or property in Illinois, and did not purposefully avail itself of Illinois markets. Plaintiff alleges only a single unsolicited transaction amounting to $39.94, resulting in $14.28 profit. That transaction is insufficient under due process. See *Advanced Tactical Ordnance Sys. v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (jurisdiction requires more than "random, fortuitous, or attenuated" contacts).

3. Defendant denies venue is proper under 28 U.S.C. § 1391. Defendant's conduct was not targeted at Illinois, and no substantial part of the alleged events occurred there.

## II. Parties

4. Defendant admits operating an online storefront through Shopify.

5. Defendant admits that two listings previously included references to Resident Evil, a Capcom property.

6. Defendant admits one sale occurred, totaling $39.94. Net profit was $14.28.

7. Defendant denies all remaining allegations of widespread infringement, counterfeiting, or willfulness.

8.  Defendant affirmatively states that upon receiving notice, it immediately removed all Capcom-related listings and has not listed or sold Capcom products since.

## III. General Allegations

9.  Defendant lacks knowledge sufficient to admit or deny Capcom's corporate status, ownership of asserted marks, or copyright registrations, and therefore denies the same.

10. Defendant denies knowingly using counterfeit marks or reproducing copyrighted works.

11. Defendant denies causing consumer confusion or irreparable harm to Capcom, as only one transaction occurred and all listings were promptly removed.

## IV. Responses to Counts

### Count I – Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)

Denied. Defendant did not willfully sell counterfeit goods. A single isolated transaction is insufficient to establish counterfeiting or likelihood of confusion.

### Count II – False Designation of Origin (15 U.S.C. § 1125(a))

Denied. Defendant did not misrepresent origin or sponsorship. The record contains no consumer complaints or confusion.

### Count III – Copyright Infringement (17 U.S.C. § 501)

Denied. Defendant did not knowingly copy or distribute copyrighted works. Any incidental reference was promptly removed.

## V. Affirmative Defenses

### 1. Lack of Personal Jurisdiction

The single transaction alleged is inadequate for jurisdiction. Personal jurisdiction requires intentional conduct directed at the forum. *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). Courts in this Circuit have rejected jurisdiction based solely on minimal online sales. See *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (mere website accessibility insufficient).

### 2. Improper Service of Process

Plaintiff claims to serve defendants via email and website publication. Service must be "reasonably calculated" to provide notice. See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Email service is permissible under Rule 4(f)(3), but only with proof that the email is active and reasonably likely to reach the defendant. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002). Plaintiff has not made such showing. Defendant preserves all objections under Rule 12(b)(5).

### 3. Misjoinder of Defendants

Capcom improperly joined hundreds of unrelated sellers into a single action. Fed. R. Civ. P. 20(a)(2) requires claims to arise out of the same transaction or occurrence. Independent, uncoordinated online sellers lack such connection. See *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012) (misjoinder where defendants' actions lacked common factual core). Defendant requests severance or dismissal.

### 4. De Minimis Conduct

Defendant engaged in only two listings, one sale, and $14.28 profit. Such conduct is de minimis. Equity does not support sweeping injunctions or disproportionate statutory damages. See *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012) (courts must avoid disproportionate injunctions).

**5. Prompt Remedial Action**

Upon notice, Defendant immediately removed all Capcom listings. Courts consider prompt cessation in assessing willfulness and damages. See *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986).

**6. Lack of Willfulness**

Statutory damages under the Lanham and Copyright Acts turn on willfulness. See *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991) (willfulness requires knowledge or reckless disregard). Defendant acted in good faith and ceased conduct immediately.

**7. Disproportionality of Damages**

The Lanham Act allows damages "as the court considers just." 15 U.S.C. § 1117(c). The Copyright Act authorizes statutory damages "as the court considers just." 17 U.S.C. § 504(c)(1). Courts often reduce damages where infringement is minor. See *Coach, Inc. v. Becka*, 2012 WL 5398830, at *5 (S.D. Ind. Nov. 2, 2012) (awarding $1,000 per mark). Here, damages should not exceed $14.28.

**8. Overbroad Asset Freeze**

The TRO and proposed PI froze all of Defendant's funds. Courts limit asset freezes to amounts necessary to secure judgment. *Deckers Outdoor Corp. v. Partnerships & Unincorporated Ass'ns*, No. 15-cv-3249 (N.D. Ill. June 8, 2015). Freezing thousands of dollars over a $14 profit is inequitable. Defendant requests release of all but $14.28.

## 9. Rebuttal of Preliminary Injunction Factors

Plaintiff asserts TRO findings automatically justify a PI.

Defendant rebuts each Rule 65 element:

- **Likelihood of success:** Minimal activity, immediate takedown, no willfulness. Plaintiff's likelihood is low.
- **Irreparable harm:** No ongoing harm since listings removed. Injunction unnecessary.
- **Balance of hardships:** Plaintiff's potential loss is $14.28. Defendant faces ongoing freeze of entire business accounts. The balance favors Defendant.
- **Public interest:** No risk of consumer confusion since items removed. See *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

## 10. Procedural Overbreadth / Abuse of Schedule A

The Court should scrutinize Plaintiff's Schedule A tactics. Mass joinder, ex parte TROs, and sweeping injunctions create risk of abuse against small sellers. Courts have recognized due process concerns in such cases. See *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 843–45 (7th Cir. 2012) (TRO extension can function as appealable PI). See also *Eicher*

*Motors Ltd. v. The Individuals ...*, No. 25-cv-02937 (N.D. Ill. Aug. 8, 2025) (Kness, J.) (denying ex parte TRO and criticizing Schedule A procedures).

## 11. Equitable Defenses

Capcom's overreaching relief exceeds equitable principles. The Supreme Court requires consideration of adequacy of remedies, balance of hardships, and public interest before issuing injunctions. *eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)*. Equity does not support indefinite freezes in this case.

## VI. Prayer for Relief

WHEREFORE, Defendant respectfully requests that this Court:

1. Deny Plaintiff's Motion for Preliminary Injunction;

2. Modify any injunction to release all of Defendant's funds except $14.28 traceable profit;

3. Dismiss or sever Defendant for lack of personal jurisdiction, improper service, or misjoinder;

4. Deny Plaintiff's request for statutory damages beyond a nominal amount;

5. Enter judgment in favor of Defendant and dismiss the Complaint with prejudice; and

6. Award such other relief as the Court deems just and equitable.

## VII. Jury Demand

Defendant demands trial by jury on all issues so triable.

## VIII. Reservation of Rights

Defendant reserves the right to amend or supplement this Answer and to assert additional defenses or counterclaims as discovery proceeds.

## IX. Certificate of Service

I hereby certify that on October 6, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify all registered counsel of record.

Respectfully submitted,

/s/ Caleb Hester

Caleb Hester, d/b/a Cubold Gaming

1156 Yale Avenue

Wallingford, CT 06492

Phone: (203) 443-2838

Email: cuboldgaminginfo@gmail.com

Defendant, pro se

Dated: October 6, 2025