UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Capcom Co., Ltd., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No.: 1:25-cv-09860 |
| v. | ) | |
| | ) | Dist. Judge Mary M. Rowland |
| The Partnerships And Unincorporated | ) | |
| Associations Identified On Schedule A, | ) | Mag. Judge Young B. Kim |
| | ) | |
| Defendants. | ) | |

**Unopposed Motion for Extension of Time**

**NOW COMES** Fashion Easy-go International Trading Co., Limited d/b/a Ouku.com ("Defendant"), by and through its undersigned counsel, and hereby move this Court to shortly extend the time to respond to the Complaint and states as follows:

1. Defendant was ostensibly served with process on September 18, 2025. [Dkt. 28].

2. Defendant has been substantively engaged with Plaintiff in settlement discussions, including responding to Plaintiff's expedited discovery. Defendant requires a short additional time to explore settlement, or respond to the Complaint if ultimately necessary. Defendant submits that an extension will not materially prejudice Plaintiff as other defendants may be separately defaulted, a short time has passed since the original response deadline, and a short extension may help avoid unnecessary substantive motion practice.

3. Defendant was previously allowed until Oct. 30, 2025 to respond to the Complaint. [Dkt. 49].

4. This Court may, for good cause, extend time by which a response is due "if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See also*, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69

F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."); Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) ("[T]o enter default would deprive defendant of its day in court and preclude just determination of the question of liability.").

5. Defendant respectfully requests this Court extend the date on which Defendant is to respond to the Complaint to November 20, 2025.
6. This motion has been filed in good faith and in the interest of judicial economy, and is not interposed for purposes of delay.
7. This is the third motion for an extension of time filed by Defendant.
8. Plaintiff has indicated that it does not oppose Defendant's requested extension.
9. The parties have conferred and propose that the deadline for Plaintiff's reply in support of its motion for entry of preliminary injunction be extended to November 26, 2025.

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that this Honorable Court enter an Order:

a) extending the date on which Defendant's response(s) to Plaintiff's Complaint is due to November 20, 2025;

b) extending the date on which Plaintiff's reply in support of its motion for entry of preliminary injunction is due to November 26, 2025; and

c) extending the TRO through the pendency of Plaintiff's motion for preliminary injunction or upon further order of the Court.

Dated: October 30, 2025

/s/ Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606

adamu@au-llc.com
Ph: (312) 715-7312
*Attorney for Defendant*