IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAPCOM CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> 89WARD, et al., <br><br> Defendants. | Case No. 25-cv-09860 <br><br> **Judge Mary M. Rowland** <br><br> **Magistrate Judge Young B. Kim** |

### DECLARATION OF MARTIN F. TRAINOR

I, Martin F. Trainor, of the City of Chicago, in the State of Illinois, declare and state as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am an attorney for Plaintiff Capcom Co., Ltd. ("Plaintiff" or "CAPCOM"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as witness, I could and would competently testify as follows:

2. Defendant operates an e-commerce store at www.ouku.com (Defendant's "Online Marketplace"), where it advertised, offered for sale, and sold an unauthorized products using counterfeits of CAPCOM's federally registered trademarks (the "Capcom Trademarks") (collectively Defendant's "Counterfeit Products").

3. Pursuant to the TRO [19], PayPal identified and restrained Defendant's financial accounts '1630570605488149625 and '1443426835958058207 (the "Financial Accounts"), associated with the e-mail addresses paypal@eechic.com and paypal@wehobi.com, respectively. According to the limited information provided by PayPal, there is $66,857.13

1

        restrained in Defendant's Financial Accounts. PayPal further provided transaction logs for account '1630570605488149625, but the information provided contained no information that could be used to determine Defendant's Counterfeit Product sales.

4. On September 18, 2025, I or someone working under my discretion, served CAPCOM's First Set of Interrogatories ("Interrogatories"), First Set of Requests for Admissions ("RFAs"), and First Set of Requests for Production ("RFPs") (collectively, "CAPCOM's Discovery Requests") on Defendant. Attached hereto as **Exhibit 1** are true and correct copies of CAPCOM's Discovery Requests. Defendant failed to respond to CAPCOM's Discovery Requests by the three-business day deadline. *See* [19] ¶ 7. On October 14, 2025, Defendant served CAPCOM with its responses to CAPCOM's Discovery Requests, along with limited production. Attached hereto as **Exhibit 2** and **Exhibit 3** are true and correct copies of aforementioned responses and productions. Defendant's responses and productions were deficient and its responses to the Interrogatories are unverified.[1]

5. On October 15, 2025, I, or someone working under my direction, informed Defendant of the discovery deficiencies in writing and requested to schedule a Local Rule 37.2 meet and confer conference. On October 22, Defendant supplemented its global Counterfeit Product sales, but failed to address all outstanding discovery deficiencies, including providing a full accounting of Defendant's sales. Attached hereto as **Exhibit 3 at pp. 5-6** are true and correct copies of Defendant's supplemental production to CAPCOM's Discovery Requests.

6. The parties held a Local Rule 37.2 meet and confer videoconference on October 22, 2025 at 2:30 p.m. CST, where Defendant agreed to provide supplemental production regarding

---

[1] Notably, the Declaration of Xiaoyi Shen to the Opposition [51-1] includes all but one of the documents Defendant produced in response to Plaintiff's Discovery Requests.

its sales by October 29, 2025. Defendant also agreed to conduct keyword searches of its sales data using a list of terms provided by CAPCOM and to produce responsive documentation.

7. On October 30, 2025, Defendant produced supplemental documentation demonstrating it performed CAPCOM's requested keyword searches through its Online Marketplace rather than its sales data. Attached hereto as **Exhibit 3 at pp. 7-60** are true and correct copies of Defendant's supplemental production to CAPCOM's Discovery Requests. Shortly thereafter, the parties held another Local Rule 37.2 meet and confer videoconference to discuss Defendant's continued failure to produce supplemental documents responsive to CAPCOM's Discovery Requests. CAPCOM again requested a full sales accounting and explained that keyword searches through Defendant's Online Marketplace are deficient because Defendant had already removed all Counterfeit Products (including infringing products not yet identified by CAPCOM) pursuant to the TRO. *See* [19] ¶ 1. Further, CAPCOM informed Defendant that, due to its upcoming response deadline, CAPCOM will move to compel if a full accounting of Defendant's sales is not produced. As of the time of filing this motion, Defendant has not provided further responses or supplemental production in response to CAPCOM's Discovery Requests.

8. On February 18, 2025, CAPCOM's investigators ordered Defendant's Counterfeit Product offered for sale on its Online Marketplace, selected shipping to Illinois from the list of options, and paid for the product through PayPal. On March 6, 2025, Defendant's Counterfeit Product was received by CAPCOM's investigators at a Chicago, Illinois shipping address in this District. Attached hereto as **Exhibit 4** are true and correct copies

      of the screenshots showing CAPCOM's investigators purchasing Defendant's Counterfeit Product.

9.     **Exhibit 5** is an accurate copy of unpublished decisions cited in the corresponding Motion to Compel.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on November 3, 2025, in Chicago, Illinois.

                                    /s/ *Martin F. Trainor*
                                    Martin F. Trainor