# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CAPCOM CO., LTD., | |
| Plaintiff, | |
| v. | Case No. 25-cv-09860 |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | **Judge Mary M. Rowland** |
| | **Magistrate Judge Young B. Kim** |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
<u>DEFENDANT</u>**

Plaintiff Capcom Co., Ltd. ("Plaintiff"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, by and through its counsel, hereby requests that each of the Defendants identified in Schedule A to the Complaint ("Defendant") respond to the following interrogatories, fully, in writing and under oath on an expedited basis within three (3) business days of receipt hereof, in accordance with the following definitions and instructions, and serve such responses on Plaintiff's counsel either (1) at the office of TME Law, P.C., 10 S. Riverside Plaza, Suite 875, Chicago, Illinois, 60606; or (2) via email on Plaintiff's counsel at martin@tme-law.com, alexander@tme-law.com, and sydney@tme-law.com.

# INTERROGATORIES

**Interrogatory 1:**      Identify Yourself, including, but not limited to, identifying the owner(s) and/or operator(s) of:

    a) Defendant's E-commerce Store(s);

    b) Defendant's Social Media Account(s);

    c) Defendant's Financial Account(s).

**Interrogatory 2:**      Identify each and every domain name or E-commerce Store Used by You, or anyone identified in Your response to Interrogatory No. 1 that advertised and/or offered for sale Unauthorized Products to United States residents.

**Interrogatory 3:**      Identify all Unauthorized Products advertised, offered for sale, and/or sold by You to the United States since the beginning of this Lawsuit and five years prior, and for each Unauthorized Product provide the: e-commerce store product URL, e-commerce store identification number (e.g., Amazon.com ASIN), product listing title, quantity offered for sale, colors offered for sale, sizes offered for sale, quantity sold, sale date, sale price, and any cost deductions and profit.

**Interrogatory 4:**      Describe in detail Your search parameters and procedure for identifying Unauthorized Products in response to Interrogatory No. 3.

**Interrogatory 5:**      Provide a listing of item titles for each product sold to the United States by You on Defendant's E-commerce Store(s) in the five years prior to the date of this Lawsuit.

**Interrogatory 6:**      Identify any Financial Accounts which receive payments or hold assets for You, or anyone identified in Your response to Interrogatory No. 1.

Interrogatory 7:     Identify and describe in detail all channels through which You market, advertise, and promote products to consumers throughout the United States, including, but not limited to, the names of websites, e-commerce platforms, and social media platforms through which You have advertised Your products.

Interrogatory 8:     Identify what percentage of Your gross revenue were for sales to United States consumers.

Interrogatory 9:     Identify which countries you were attempting to sell products to through Defendant's E-commerce Store(s).

Interrogatory 10:     Identify all persons, other than counsel, who participated, or were consulted, in responding to these Interrogatories.

# DEFINITIONS AND INSTRUCTIONS

In addition to the definitions and instructions set forth in Fed. R. Civ. P. 33, the following definitions and instructions apply to the interrogatories set forth below and should be considered as part of each such interrogatory:

1.      These interrogatories are addressed to Defendant and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

2.      If you find the meaning of any term in these interrogatories to be unclear, you should assume a reasonable meaning, state what that meaning is, and respond to the interrogatory on the basis of that assumed meaning.

3.      If you object to any subpart or portion of an interrogatory or object to identifying the documents, electronically stored information, or things requested, set forth fully the grounds upon which your objection is based and answer the unobjectionable subpart(s) of the interrogatory and/or supply the documents, electronically stored information, or things in lieu of identifying the same.

4.      Where an objection is made to an interrogatory, state with specificity all grounds upon which the objection is based, along with a citation of any legal authority relied upon.

5.      These interrogatories shall be deemed continuing so as to require further and supplemental responses in accordance with Fed. R. Civ. P. 26. Additionally, if at any time Defendant learns that an answer given to any interrogatory was incorrect when given, or is no

longer correct, Defendant shall promptly provide a written statement, under penalty of perjury, consisting of the correct answer to any such interrogatory.

6.      "Document" is defined broadly to be given the full scope of that term contemplated in Fed. R. Civ. P. 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence.  Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

7.      "Document" shall also include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored electronically in computer memory, magnetic or hard disk, or other storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery: any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and shall include, without limitation, letters, correspondence, communications, emails, telegrams, papers, cablegrams, mailgrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, schematics, engineering drawings, software source code listings, charts, plans, databases, diagrams, sketches or drawings,

photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of committee meetings, desk calendars, appointment books, diaries, diary entries, voicemails, newspapers, magazine or periodical articles, and any other record of any kind.

8.    The term "identify," when used in reference to:

    a.    an individual shall mean to state his or her full name, present or last known residence address, present or last known business address, and position or business affiliation;

    b.    a business entity shall mean to state its form, full name, address of its present or last principal place of business, and its principal line of business;

    c.    a document shall mean to provide information sufficient to locate that document, including, but not limited to, the following: the production number range (Bates range), the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title, or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each person who signed, authored, or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete; and

d. a communication shall mean to state its date, the communicator, the communicatee, the type of communication (i.e., conversation, telephone call, letter, note, etc.) and a brief description of its subject matter.

9. "Person" shall mean individuals or entities of any type, including without limitation, individuals, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, limited liability companies, groups, trusts, mutual or joint ventures, and other forms of organizations or associations.

10. "Date" shall mean the exact date, month, and year or, if not ascertainable, the best approximation thereof.

11. The phrase "relating to," "related to," or "relate(s) to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

12. As used herein, "Plaintiff" shall mean, unless otherwise indicated, Capcom Co., Ltd., any of Plaintiff's officers, directors, employees, agents and representatives, and all persons acting on Plaintiff's behalf.

13. As used herein, "Defendant," "You," "Your," or "Yourself" shall be deemed to include, the named owner(s) and/or operator(s) of your e-commerce store listed in Schedule A, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf, or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

14.     As used herein, "Defendant's E-commerce Store" shall be deemed to include at least Your e-commerce store listed in Schedule A.

15.     As used herein, "Financial Accounts" shall be deemed to include any accounts relating to any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), WhaleCo, Inc. ("Temu"), Roadget Business Pte. Ltd. ("SHEIN"), and Walmart, Inc. ("Walmart"), or other merchant account providers, payment providers, third-party payment processors, and credit card associations (e.g., MasterCard and Visa Inc.) which receive payments or hold assets for Defendant.

16.     As used herein, "Social Media Accounts" shall be deemed to include any accounts Used by You relating to any social media platforms, companies, or sites, including, without limitation, Facebook, Instagram, TikTok, and Twitter.

17.     As used herein, "Used" shall mean registered, owned, and/or operated.

18.     "Lawsuit" or "Litigation" shall mean the lawsuit captioned *Capcom Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* Case No. 25-cv-09860, filed on August 18, 2025, in the U.S. District Court for the Northern District of Illinois.

19.     "Complaint" shall mean the Complaint filed by Plaintiff in the Lawsuit, as well as any amended complaints filed by Plaintiff in the Lawsuit.

20.     As used herein, "Plaintiff's Trademarks" shall collectively refer to Plaintiff's registered trademarks, including all trademark registrations listed in the Lawsuit Complaint.

21.     As used herein, "Plaintiff's Copyrighted Works" shall collectively refer to all copyright registrations, including the distinctive characters embodied therein, listed in the Lawsuit Complaint.

22.     As used herein, "Unauthorized Products" shall mean any product advertised, marketed, promoted, manufactured, imported, distributed, offered for sale, or sold by You using reproductions, counterfeit copies, or colorable imitations of any of Plaintiff's Trademarks and/or reproductions, copies, or derivative works of any of Plaintiff's Copyrighted Works.

23.     The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

Dated this 18th day of September 2025.          Respectfully submitted,

/s/ Martin F. Trainor
Martin F. Trainor
Sydney Fenton
Alexander Whang
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
sydney@tme-law.com
alexander@tme-law.com

*Counsel for Plaintiff Capcom Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September 2025, I will electronically publish the document on a website and I will send an email to the email addresses identified in Exhibit A to the Summons that includes a link to said website.

/s/ Martin F. Trainor
Martin F. Trainor
Sydney Fenton
Alexander Whang
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
sydney@tme-law.com
alexander@tme-law.com

*Counsel for Plaintiff Capcom Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CAPCOM CO., LTD., | |
| Plaintiff, | |
| v. | Case No. 25-cv-09860 |
| THE PARTNERSHIPS and | **Judge Mary M. Rowland** |
| UNINCORPORATED ASSOCIATIONS | |
| IDENTIFIED ON SCHEDULE "A," | **Magistrate Judge Young B. Kim** |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS
<u>TO DEFENDANT</u>**

Capcom Co., Ltd. ("Plaintiff"), pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, by and through its counsel, hereby requests that each of the Defendants identified in Schedule A to the Complaint ("Defendant") answer the following Requests for Admissions, separately and fully in writing under oath, on an expedited basis within three (3) business days of receipt hereof.

## REQUESTS FOR ADMISSION

      **Request for Admission 1.**      Admit that You offered for sale Unauthorized Products to Illinois.

      **Request for Admission 2.**      Admit that You sold Unauthorized Products to a buyer with an Illinois shipping address.

      **Request for Admission 3.**      Admit that You accepted money for Unauthorized Products from a buyer with an Illinois shipping address.

      **Request for Admission 4.**      Admit that You shipped Unauthorized Products to an Illinois address.

      **Request for Admission 5.**      Admit that You offered for sale Unauthorized Products to the United States.

      **Request for Admission 6.**      Admit that You sold Unauthorized Products to buyers in the United States.

      **Request for Admission 7.**      Admit that You accepted money for Unauthorized Products from a buyer in the United States.

      **Request for Admission 8.**      Admit that You shipped Unauthorized Products to the United States.

      **Request for Admission 9.**      Admit that You chose to offer to sell and sell products to the United States when setting up Defendant's E-commerce Store.

      **Request for Admission 10.**      Admit that You chose to offer to sell and sell products to Illinois when setting up Defendant's E-commerce Store.

      **Request for Admission 11.**      Admit that You entered into a contract with an online marketplace, including accepting the terms that the online marketplace imposes on sellers.

Request for Admission 12.     Admit that Defendant's E-commerce Store affirmatively displayed Illinois as a state to which You would ship products.

Request for Admission 13.     Admit that Defendant's E-commerce Store did not exclude shipping to Illinois.

Request for Admission 14.     Admit that Defendant's E-commerce Store did not exclude shipping to the United States.

Request for Admission 15.     Admit that You received an email from Plaintiff that contained a link to a website with the Complaint and TRO.

Request for Admission 16.     Admit that the linked website with the Complaint and TRO shows the response deadline for the Lawsuit.

Request for Admission 17.     Admit that You received an email from Plaintiff that specified the deadline to respond to or answer the Complaint.

Request for Admission 18.     Admit that You reviewed all images called for in response to Request for Production No. 3 to determine whether each product was an Unauthorized Product.

Request for Admission 19.     Admit that You did not perform a search to determine whether You advertised, offered for sale and/or sold Unauthorized Products beyond the specific Unauthorized Products identified by Plaintiff.

## DEFINITIONS AND INSTRUCTIONS

1. In addition to the definitions and instructions set forth in Fed. R. Civ. P. 36, the following definitions and instructions apply to the Requests for Admissions set forth above and should be considered as part of each such request:

2. These requests are addressed to Defendant and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

3. As used herein, "Plaintiff" shall mean, unless otherwise indicated, Capcom Co., Ltd., any of Plaintiff's officers, directors, employees, agents and representatives, and all persons acting on Plaintiff's behalf.

4. As used herein, "Defendant" or "You" or "Your" or "Yourself" shall be deemed to include, the named owner(s) and/or operator(s) of your e-commerce store listed in Schedule A, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf, or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

5. As used herein, "Defendant's E-commerce Store" shall be deemed to include at least Your e-commerce store listed in Schedule A.

6. These requests for admission are continuing and require further answer and supplementation, as provided by Fed. R. Civ. P. 26(e).

7. "Person" shall mean individuals or entities of any type, including without limitation, individuals, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, limited liability companies, groups, trusts, mutual or joint ventures, and other forms of organizations or associations.

8. "Lawsuit" or "Litigation" shall mean the lawsuit captioned *Capcom Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* Case No. 25-cv-09860, filed on August 18, 2025, in the U.S. District Court for the Northern District of Illinois.

9. "Complaint" shall mean the Complaint filed by Plaintiff in the Lawsuit, as well as any amended complaints filed by Plaintiff in the Lawsuit.

10. As used herein, "Plaintiff's Trademarks" shall collectively refer to Plaintiff's registered trademarks, including all trademark registrations listed in the Lawsuit Complaint.

11. As used herein, "Plaintiff's Copyrighted Works" shall collectively refer to all copyright registrations, including the distinctive characters embodied therein, listed in the Lawsuit Complaint.

12. As used herein, "Unauthorized Products" shall mean any product advertised, marketed, promoted, manufactured, imported, distributed, offered for sale, or sold by You using reproductions, counterfeit copies, or colorable imitations of any of Plaintiff's Trademarks and/or reproductions, copies, or derivative works of any of Plaintiff's Copyrighted Works.

13. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

Dated this 18th day of September 2025.	Respectfully submitted,


/s/ Martin F. Trainor
Martin F. Trainor
Sydney Fenton
Alexander Whang
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
sydney@tme-law.com
alexander@tme-law.com

*Counsel for Plaintiff Capcom Co., Ltd.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 18th day of September 2025, I will electronically publish the document on a website and I will send an email to the email addresses identified in Exhibit A to the Summons that includes a link to said website.

/s/ Martin F. Trainor
Martin F. Trainor
Sydney Fenton
Alexander Whang
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
sydney@tme-law.com
alexander@tme-law.com

*Counsel for Plaintiff Capcom Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CAPCOM CO., LTD., | |
| Plaintiff, | |
| v. | Case No. 25-cv-09860 |
| THE PARTNERSHIPS and | **Judge Mary M. Rowland** |
| UNINCORPORATED ASSOCIATIONS | |
| IDENTIFIED ON SCHEDULE "A," | **Magistrate Judge Young B. Kim** |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE**
**PRODUCTION OF DOCUMENTS AND THINGS TO**
**<u>DEFENDANT</u>**

Plaintiff Capcom Co., Ltd. ("Plaintiff"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, by and through its counsel, hereby requests that each of the Defendants identified in Schedule A to the Complaint ("Defendant") produce each of the documents identified and described below in electronic form on an expedited basis within three (3) business days of receipt hereof.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Request No. 1.    Documents, electronically stored information, and things supporting Your answer to Interrogatory No. 1, including registration documents and emails for Defendant's E-commerce Store, Your Social Media Accounts, Your Financial Accounts, and any email addresses associated with Defendant's E-commerce Store, and any email addresses associated with Your Financial Accounts.

Request No. 2.    Documents, electronically stored information, and things supporting your response to Interrogatory No. 2, including each Unauthorized Product listing page and all Unauthorized Product listing images.

Request No. 3.    Listing images for each product identified in response to Interrogatory No. 5.

Request No. 4.    Documents, electronically stored information, and things relating to each communication from You to United States consumers, including, but not limited to, advertisements, invoices, receipts, purchase confirmation emails, and shipping confirmation emails.

Request No. 5.    Documents, electronically stored information, and things sufficient to show advertisements targeting the United States, including without limitation, advertisements on social media, search engines, and marketplace platforms.

Request No. 6.    Documents, electronically stored information, and things sufficient to show the current balance for any Financial Account identified in response to Interrogatory No. 6 of Plaintiff's First Set of Interrogatories.

Request No. 7.    Documents, electronically stored information, and things relating to Your policies concerning retention, storage, filing, and destruction of electronic documents and

email.

 Request No. 8.  Documents, electronically stored information, and things relating to Your contracts with third-parties to sell and ship Unauthorized Products into the United States, including without limitation, marketplace platforms.

 Request No. 9.  All documents, electronically stored information, and things consulted or used in connection with the preparation of Defendant's responses to Plaintiff's First Set of Interrogatories to Defendant and these Document Requests.

 Request No. 10.  All documents, including but not limited to, communications with consumers and consumer reviews on any platform, website or through any email, in which any party has referenced, referred to, or mentioned Capcom, Resident Evil, Unauthorized Products, Plaintiff's Trademarks, and/or Plaintiff's Copyrighted Works.

## DEFINITIONS AND INSTRUCTIONS

In addition to the definitions and instructions set forth in Fed. R. Civ. P. 34, the following definitions and instructions apply to the Requests for the Production of Documents and Things (individually, "Request," and collectively, "Requests") set forth herein and should be considered as part of each such Request:

1.      These Requests are addressed to Defendant and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

2.      If you find the meaning of any term in these Requests to be unclear, you should assume a reasonable meaning, state what that meaning is, and respond to the Request on the basis of that assumed meaning.

3.      If you object to any subpart or portion of a Request or object to providing the documents, electronically stored information, or things requested, set forth fully the grounds upon which your objection is based and answer the unobjectionable subpart(s) of the Request and/or supply the documents, electronically stored information, or things to which no objection is made.

4.      Documents, electronically stored information, and things under your control must be produced even though they are in the possession of an employee or agent of yours, such as an accountant, attorney, or other person from whom you have a right to retrieve the documents, electronically stored information, or things.

5.      If any document, electronically stored information, or thing requested by Plaintiff

cannot be produced in full after exercising due diligence to secure the document, electronically stored information, or thing, produce whatever portion of the document, electronically stored information, or thing remains and state whatever information, knowledge or belief you have concerning the unproduced portion. If your response is qualified in any respect, set forth the details of such qualification.

6.    For any document, electronically stored information, or thing responsive to any request set forth below that Defendant seeks to withhold under a claim of privilege, Defendant shall redact the information being withheld for privilege and indicate the location of the redacted information on or in the produced document, electronically stored information, or thing.  For each document, electronically stored information, thing, or part thereof withheld under a claim of privilege or for any other reason, Defendant shall state:

a.    that such material is being withheld;

b.    the name and title of all person(s) who possessed or controlled the document, electronically stored information, or thing;

c.    a brief description of the nature and subject matter of the document, electronically stored information, or thing, including the title and type of document (i.e., whether it is a letter, memorandum, drawing, etc.), electronically stored information, or thing;

d.    the document's date or the electronically stored information's or thing's date of creation;

e.    the name and title of the author(s) or creator(s);

f.    the name and title of the sender(s) of the document or electronically stored information if different from the author(s) or creator(s);

g.    the name and title of the person(s) to whom the document or electronically

stored information is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or electronically stored information or thing;

h.     the past and current location of all copies of the document or electronically stored information or thing;

i.     the request or subpart to which the document or electronically stored information, withheld information, or thing is otherwise responsive; and

j.     the type of privilege claimed (attorney-client communications, attorney work product) and the factual and legal basis supporting the claim of privilege.

7.     These Requests require the production of documents, electronically stored information, and things either in the same form and same order as they are kept in the usual course of business or organized and labeled to correspond with the particular requests set forth below.  If you choose the former method, the documents, electronically stored information, and things are to be produced in the boxes, file folders, bindings, or other containers in which the documents, electronically stored information, and things are kept in the usual course of business.  The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact.

8.     These Requests shall be deemed to require further and supplemental production in accordance with Fed. R. Civ. P. 26.

9.     If any document, electronically stored information, or thing is not produced on the ground that such document or electronically stored information or thing is no longer in Defendant's

possession, custody, or control, identify each such document, electronically stored information, or thing and specify:

  a.    the document's date or the electronically stored information's or thing's date of creation;

  b.    a brief description of the nature and subject matter of the document, electronically stored information, or thing, including the title and type of document (i.e., whether it is a letter, memorandum, drawing, etc.) or electronically stored information or thing;

  c.    the name and title of the author(s) or creator(s), the sender(s), the addressee(s) and the recipient(s) of the document or electronically stored information or thing;

  d.    the name and title of all person(s) who possessed or controlled the document, electronically stored information, or thing;

  e.    the name and title of the person(s) most knowledgeable about the document or electronically stored information or thing;

  f.    the past and current location of all copies of the document or electronically stored information or thing; and

  g.    the name and title of the person(s) responsible for its destruction, loss, transfer, or other act or omission by which the document, electronically stored information, or thing left in Defendant's possession, custody or control, and the date of such act.

10.    Any copy of a document, electronically stored information, or thing other than the exact duplicate of that document or electronically stored information is a separate document, electronically stored information, or thing.

11.     Whenever such construction will serve to bring within the scope of these requests some documents, electronically stored information, or things that would otherwise not be brought within its scope, "any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" "and" should be understood to include and encompass "or;" "including" should be understood to mean including but not limited to; the singular of a word should be understood to include and encompass the plural of the word, and vice versa; and the past tense of a verb shall be understood to include the present tense, and vice versa.

12.     Where an objection is made to a request, state all grounds upon which the objection is based, along with a citation to any legal authority relied upon.

13.     Ordering and numbering of documents, electronically stored information, and things shall be performed in such a manner as to ensure that the source of each document, electronically stored information, and thing may be determined.

14.     Electronically stored information shall be produced in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable by Plaintiff.

15.     "Communication" shall include all exchanges of information, written or oral, including without limitation, memoranda, telephone conversations, email, computer discs, documents, and telegrams.

16.     "Document" is defined broadly to be given the full scope of that term contemplated in Fed. R. Civ. P. 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced,

reproduced, or stored (including without limitation computer programs and files containing requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

17. "Document" shall also include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored electronically in computer memory, magnetic or hard disk, or other storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery: any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and shall include, without limitation, letters, correspondence, communications, emails, telegrams, papers, cablegrams, mailgrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, schematics, engineering drawings, software source code listings, charts, plans, databases, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of committee meetings, desk calendars, appointment books, diaries, diary entries, voicemails, newspapers, magazine or periodical articles, and any other record of any kind.

18. The term "identify," when used in reference to:

      a.    an individual shall mean to state his or her full name, present or last known residence address, present or last known business address, and position or business affiliation;

      b.    a business entity shall mean to state its form, full name, address of its

present or last principal place of business, and its principal line of business;

c.      a document shall mean to provide information sufficient to locate that document, including, but not limited to, the following: the production number range (Bates range), the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title, or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each person who signed, authored, or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; if the document existed at one time for does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete; and

d.      a communication shall mean to state its date, the communicator, the communicatee, the type of communication (i.e., conversation, telephone call, letter, note, etc.) and a brief description of its subject matter.

19.      "Person" shall mean individuals or entities of any type, including without limitation, individuals, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, limited liability companies, groups, trusts, mutual or joint ventures, and other forms of organizations or associations.

20.      "Date" shall mean the exact date, month, and year or, if not ascertainable, the best approximation thereof.

21.     The phrase "relating to," "related to," or "relate(s) to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

22.     As used herein, "Plaintiff" shall mean, unless otherwise indicated, Capcom Co., Ltd., any of Plaintiff's officers, directors, employees, agents and representatives, and all persons acting on Plaintiff's behalf.

23.     As used herein, "Defendant," "You," "Your," or "Yourself" shall be deemed to include, the named owner(s) and/or operator(s) of your e-commerce store listed in Schedule A, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf, or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

24.     As used herein, "E-commerce Store(s)" shall be deemed to include at least Your e-commerce store listed in Schedule A.

25.     As used herein, "Financial Accounts" shall be deemed to include any accounts relating to any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), WhaleCo, Inc. ("Temu"), Roadget Business Pte. Ltd. ("SHEIN"), and Walmart, Inc. ("Walmart"), or other merchant account providers, payment providers, third-party payment processors, and credit card associations (e.g., MasterCard and Visa Inc.) which receive payments or hold assets for

Defendant.

26.     As used herein, "Social Media Accounts" shall be deemed to include any accounts relating to any social media platforms, companies, or sites, including, without limitation Facebook, Instagram, TikTok, and Twitter.

27.     As used herein, "Used" shall mean registered, owned, and/or operated.

28.     "Concerning" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

29.     "Lawsuit" or "Litigation" shall mean the lawsuit captioned *Capcom Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* Case No. 25-cv-09860, filed on August 18, 2025, in the U.S. District Court for the Northern District of Illinois.

30.     "Complaint" shall mean the Complaint filed by Plaintiff in the Lawsuit, as well as any amended complaints filed by Plaintiff in the Lawsuit.

31.     As used herein, "Plaintiff's Trademarks" shall collectively refer to Plaintiff's registered trademarks, including all trademark registrations listed in the Lawsuit Complaint.

32.     As used herein, "Plaintiff's Copyrighted Works" shall collectively refer to all copyright registrations, including the distinctive characters embodied therein, listed in the Lawsuit Complaint.

33.     As used herein, "Unauthorized Products" shall mean any product advertised, marketed, promoted, manufactured, imported, distributed, offered for sale, or sold by You using reproductions, counterfeit copies, or colorable imitations of any of Plaintiff's Trademarks and/or reproductions, copies, or derivative works of any of Plaintiff's Copyrighted Works.

34.     The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most

appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

Dated this 18th day of September 2025.

Respectfully submitted,

/s/ Martin F. Trainor
Martin F. Trainor
Sydney Fenton
Alexander Whang
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
sydney@tme-law.com
alexander@tme-law.com

*Counsel for Plaintiff Capcom Co., Ltd*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of September 2025, I will electronically publish the document on a website and I will send an email to the email addresses identified in Exhibit A to the Summons that includes a link to said website.

/s/ Martin F. Trainor
Martin F. Trainor
Sydney Fenton
Alexander Whang
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
sydney@tme-law.com
alexander@tme-law.com

*Counsel for Plaintiff Capcom Co., Ltd.*