# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Capcom Co., Ltd. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:25-cv-09860 |
| v. | ) | |
| | ) | Dist. Judge Mary M. Rowland |
| The Partnerships and Unincorporated | ) | |
| Associations Identified in Schedule A, | ) | Mag. Judge Young B. Kim |
| | ) | |
| Defendants. | ) | |

## <u>Defendant's Responses to Plaintiff's First Set of Interrogatories</u>

Propounding Party:   Capcom Co., Ltd. ("Plaintiff")

Responding Party:   OUKU ("Defendant")

Set Number:   One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Plaintiff's First Set of Interrogatories.

### General Responses and Objections

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

7.  Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

8.  Each of these General Objections is hereby specifically incorporated with and into each of the specific responses set forth below.

<b>Interrogatories</b>

**Interrogatory 1.**  Identify Yourself, including, but not limited to, identifying the owner(s) and/or operator(s) of:

   A)  Defendant's E-commerce Store(s);

   B)  Defendant's Social Media Accounts(s);

   C)  Defendant's Financial Account(s).

   **Answer.**  Fashion Easy-go International Trading Co., Limited and Defendant has no social media account.

**Interrogatory 2.**  Identify each and every domain name or E-commerce Store Used by You, or anyone identified in Your response to Interrogatory No. 1 that advertised and/or offered for sale Unauthorized Products to United States residents.

   **Answer:**  ouku.com.

**Interrogatory 3.**  Identify all Unauthorized Products advertised, offered for sale, and/or sold by You to the United States since the beginning of this Lawsuit and five years prior, and for each Unauthorized Product provide the: e-commerce store product URL, e-commerce store identification number (e.g., Amazon.com ASIN), product listing title, quantity offered for sale, colors offered for sale, sizes offered for sale, quantity sold, sale date, sale price, and any cost deductions and profit.

**Answer.** Defendant directs Plaintiff to D0001.

**Interrogatory 4.** Describe in detail Your search parameters and procedure for identifying Unauthorized Products in response to Interrogatory No. 3.

**Answer.** Defendant conducted a search using the keyword "resident evil" and got this information from the data system.

**Interrogatory 5.** Provide a listing of item titles for each product sold to the United States by You on Defendant's E-commerce Store(s) in the five years prior to the date of this Lawsuit.

**Answer.** Defendant objects to the request in that it is overbroad, and the request is not tailored to relevant information only. See, e.g., Ye v. Cliff Veissman, Inc., 2016 WL 950948, at *3 (N.D. Ill. Mar. 7, 2016); Tompkins v. Detroit Metro. Airport, 278 F.R.D. 387, 388 (E.D. Mich. 2012) ("Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view."). "Discovery is not to be used as a fishing expedition" and "without some reason to conclude that the pond might be stocked, one cannot demand to "fish." Sirazi v. Panda Express, Inc., 2009 WL 4232693, at *3 (N.D. Ill. Nov. 24, 2009); E.E.O.C. v. Harvey L. Walner & Associates, 91 F.3d 963, 971-972 (7th Cir.1996); C & C Jewelry Mfg., Inc. v. West, 2011 WL 2559638 (N.D. Cal. June 28, 2011) ("As a logical matter, this court is unconvinced that sales of C & C's non-accused products, which reportedly are not made of tungsten carbide, have any relevance to the accused rings. There is nothing in the record presented to suggest, for example, that sales of C & C's other products are driven by or otherwise connected to the accused rings."). Defendant further objects to this Interrogatory on the grounds that it exceeds the scope of expedited discovery set forth in the TRO.

**Interrogatory 6.**     Identify any Financial Accounts which receive payments or hold assets for You, or anyone identified in Your response to Interrogatory No. 1.

  **Answer.**     PayPal@eechic.com

**Interrogatory 7.**     Identify and describe in detail all channels through which You market, advertise, and promote products to consumers throughout the United States, including, but not limited to, the names of websites, e-commerce platforms, and social media platforms through which You have advertised Your products.

  **Answer.**     Defendant objects to the request in that it is overbroad, and the request is not tailored to relevant information only. See, e.g., Ye v. Cliff Veissman, Inc., 2016 WL 950948, at *3 (N.D. Ill. Mar. 7, 2016); Tompkins v. Detroit Metro. Airport, 278 F.R.D. 387, 388 (E.D. Mich. 2012) ("Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view."). "Discovery is not to be used as a fishing expedition" and "without some reason to conclude that the pond might be stocked, one cannot demand to "fish." Sirazi v. Panda Express, Inc., 2009 WL 4232693, at *3 (N.D. Ill. Nov. 24, 2009); E.E.O.C. v. Harvey L. Walner & Associates, 91 F.3d 963, 971-972 (7th Cir.1996); C & C Jewelry Mfg., Inc. v. West, 2011 WL 2559638 (N.D. Cal. June 28, 2011) ("As a logical matter, this court is unconvinced that sales of C & C's non-accused products, which reportedly are not made of tungsten carbide, have any relevance to the accused rings. There is nothing in the record presented to suggest, for example, that sales of C & C's other products are driven by or otherwise connected to the accused rings."). Defendant further objects to this Interrogatory on the grounds that it exceeds the scope of expedited discovery set forth in the TRO. Defendant's objections notwithstanding, Defendant states that its only

website is ouku.com and that it does not operate on any other e-commerce or social

media platforms.

**Interrogatory 8.**    Identify what percentage of Your gross revenue were for sales to United

States consumers.

    **Answer:**    Defendant objects to the request in that it is overbroad, and the request is

        not tailored to relevant information only. See, e.g., Ye v. Cliff Veissman, Inc., 2016 WL

        950948, at *3 (N.D. Ill. Mar. 7, 2016); Tompkins v. Detroit Metro. Airport, 278 F.R.D.

        387, 388 (E.D. Mich. 2012) ("Defendant does not have a generalized right to rummage

        at will through information that Plaintiff has limited from public view."). "Discovery is

        not to be used as a fishing expedition" and "without some reason to conclude that the

        pond might be stocked, one cannot demand to "fish." Sirazi v. Panda Express, Inc.,

        2009 WL 4232693, at *3 (N.D. Ill. Nov. 24, 2009); E.E.O.C. v. Harvey L. Walner &

        Associates, 91 F.3d 963, 971-972 (7th Cir.1996); C & C Jewelry Mfg., Inc. v. West, 2011

        WL 2559638 (N.D. Cal. June 28, 2011) ("As a logical matter, this court is unconvinced

        that sales of C & C's non-accused products, which reportedly are not made of tungsten

        carbide, have any relevance to the accused rings. There is nothing in the record

        presented to suggest, for example, that sales of C & C's other products are driven by or

        otherwise connected to the accused rings."). Defendant further objects to this

        Interrogatory on the grounds that it exceeds the scope of expedited discovery set forth

        in the TRO.

**Interrogatory 9.**    Identify which countries you were attempting to sell products to through

Defendant's E-commerce Store(s).

    **Answer:**    Defendant objects to the request in that it is overbroad, and the request is

        not tailored to relevant information only. See, e.g., Ye v. Cliff Veissman, Inc., 2016

WL 950948, at *3 (N.D. Ill. Mar. 7, 2016); <u>Tompkins v. Detroit Metro. Airport</u>, 278

F.R.D. 387, 388 (E.D. Mich. 2012) ("Defendant does not have a generalized right to

rummage at will through information that Plaintiff has limited from public view.").

"Discovery is not to be used as a fishing expedition" and "without some reason to

conclude that the pond might be stocked, one cannot demand to "fish." <u>Sirazi v.</u>

<u>Panda Express, Inc.</u>, 2009 WL 4232693, at *3 (N.D. Ill. Nov. 24, 2009); <u>E.E.O.C. v.</u>

<u>Harvey L. Walner & Associates</u>, 91 F.3d 963, 971-972 (7th Cir.1996); <u>C & C Jewelry</u>

<u>Mfg., Inc. v. West</u>, 2011 WL 2559638 (N.D. Cal. June 28, 2011) ("As a logical matter,

this court is unconvinced that sales of C & C's non-accused products, which

reportedly are not made of tungsten carbide, have any relevance to the accused rings.

There is nothing in the record presented to suggest, for example, that sales of C & C's

other products are driven by or otherwise connected to the accused rings.").

Defendant further objects to this Interrogatory on the grounds that it exceeds the

scope of expedited discovery set forth in the TRO. Defendant's objections

notwithstanding, Defendant states that its E-commerce Store is accessible worldwide

and is not limited to any specific country or region.

**Interrogatory 10.** Identify all persons, other than counsel, who participated, or were consulted,

in responding to these Interrogatories.

    **Answer.** Defendant objects to the request in that it is overbroad, and the request is

    not tailored to relevant information only. See, e.g., <u>Ye v. Cliff Veissman, Inc.</u>, 2016 WL

    950948, at *3 (N.D. Ill. Mar. 7, 2016); <u>Tompkins v. Detroit Metro. Airport</u>, 278 F.R.D.

    387, 388 (E.D. Mich. 2012) ("Defendant does not have a generalized right to rummage

    at will through information that Plaintiff has limited from public view."). "Discovery is

    not to be used as a fishing expedition" and "without some reason to conclude that the

pond might be stocked, one cannot demand to "fish." <u>Sirazi v. Panda Express, Inc.,</u> 2009 WL 4232693, at *3 (N.D. Ill. Nov. 24, 2009); <u>E.E.O.C. v. Harvey L. Walner & Associates</u>, 91 F.3d 963, 971-972 (7th Cir.1996); <u>C & C Jewelry Mfg., Inc. v. West</u>, 2011 WL 2559638 (N.D. Cal. June 28, 2011) ("As a logical matter, this court is unconvinced that sales of C & C's non-accused products, which reportedly are not made of tungsten carbide, have any relevance to the accused rings. There is nothing in the record presented to suggest, for example, that sales of C & C's other products are driven by or otherwise connected to the accused rings."). Defendant further objects to this Interrogatory on the grounds that it exceeds the scope of expedited discovery set forth in the TRO.

Dated this October 14, 2025

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St., 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Capcom Co., Ltd. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:25-cv-09860 |
| v. | ) | |
| | ) | Dist. Judge Mary M. Rowland |
| The Partnerships and Unincorporated | ) | |
| Associations Identified in Schedule A, | ) | Mag. Judge Young B. Kim |
| | ) | |
| Defendants. | ) | |

## Defendant's Responses to Plaintiff's First Set of Requests for Admission

Propounding Party:     Capcom Co., Ltd. ("Plaintiff")

Responding Party:      OUKU ("Defendant")

Set Number:            One

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Plaintiff's First Set of Requests for Admissions.

**General Responses and Objections**

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

**Requests for Admission**

**Request No. 1**     Admit that You offered for sale Unauthorized Products to Illinois.

    **Answer.**     Admitted.

**Request No. 2**     Admit that You sold Unauthorized Products to a buyer with an Illinois shipping address.

    **Answer.**     Admitted.

**Request No. 3**     Admit that You accepted money for Unauthorized Products from a buyer with an Illinois shipping address.

    **Answer.**     Admitted.

**Request No. 4**     Admit that You shipped Unauthorized Products to an Illinois address.

    **Answer.**     Admitted.

**Request No. 5**     Admit that You offered for sale Unauthorized Products to the United States.

**Answer.**     Admitted.

**Request No. 6**     Admit that You sold Unauthorized Products to buyers in the United

States.

**Answer.**     Admitted.

**Request No. 7**     Admit that You accepted money for Unauthorized Products from a buyer

in the United States.

**Answer.**     Admitted.

**Request No. 8**     Admit that You shipped Unauthorized Products to the United States.

**Answer.**     Admitted.

**Request No. 9**     Admit that You chose to offer to sell and sell products to the United States

when setting up Defendant's E-commerce Store.

**Answer.**     Denied.

**Request No. 10**     Admit that You chose to offer to sell and sell products to Illinois when

setting up Defendant's E-commerce Store.

**Answer.**     Denied.

**Request No. 11**     Admit that You entered into a contract with an online marketplace,

including accepting the terms that the online marketplace imposes on sellers.

**Answer.**     Denied.

**Request No. 12**     Admit that Defendant's E-commerce Store affirmatively displayed Illinois

as a state to which You would ship products.

**Answer.**     Denied.

**Request No. 13**     Admit that Defendant's E-commerce Store did not exclude shipping to

Illinois.

**Answer.**     Admitted.

**Request No. 14**      Admit that Defendant's E-commerce Store did not exclude shipping to the United States.

    **Answer.**      Admitted.

**Request No. 15**      Admit that You received an email from Plaintiff that contained a link to a website with the Complaint and TRO.

    **Answer.**      Admitted.

**Request No. 16**      Admit that the linked website with the Complaint and TRO shows the response deadline for the Lawsuit.

    **Answer.**      Admitted.

**Request No. 17**      Admit that You received an email from Plaintiff that specified the deadline to respond to or answer the Complaint.

    **Answer.**      Admitted.

**Request No. 18**      Admit that You reviewed all images called for in response to Request for Production No. 3 to determine whether each product was an Unauthorized Product.

    **Answer.**      Denied.

**Request No. 19**      Admit that You did not perform a search to determine whether You advertised, offered for sale and/or sold Unauthorized Products beyond the specific Unauthorized Products identified by Plaintiff.

    **Answer.**      Denied.

Dated:      October 14, 2025

                                       /s/Adam E. Urbanczyk
                                       Adam E. Urbanczyk
                                       AU LLC
                                       444 W. Lake St. 17th Floor
                                       Chicago, IL 60606
                                       (312) 715-7312
                                       adamu@au-llc.com
                                     *Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| Capcom Co., Ltd. | | ) | |
| | | ) | |
| | Plaintiff, | ) | Case No.: 1:25-cv-09860 |
| v. | | ) | |
| | | ) | Dist. Judge Mary M. Rowland |
| The Partnerships and Unincorporated | | ) | |
| Associations Identified in Schedule A, | | ) | Mag. Judge Young B. Kim |
| | | ) | |
| | Defendants. | ) | |

### Defendant's Responses to Plaintiff's First Set of Requests for Production

Propounding Party:     Capcom Co., Ltd. ("Plaintiff")

Responding Party:      OUKU ("Defendant")

Set Number:            One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Plaintiff's First Set of Requests for Production of Documents.

## General Responses and Objections

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Requests to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Requests to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Requests on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Requests on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

**7.** Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

**8.** Each of these General Objections is hereby specifically incorporated with and into each of the specific responses set forth below.

**Requests for Production of Documents**

**Request No. 1**        Documents, electronically stored information, and things supporting Your answer to Interrogatory No. 1, including registration documents and emails for Defendant's E-commerce Store, Your Social Media Accounts, Your Financial Accounts, and any email addresses associated with Defendant's E-commerce Store, and any email addresses associated with Your Financial Accounts.

> **Answer.**        Defendant objects to the request in that it is overbroad, and the request is not tailored to relevant information only. See, e.g., Ye v. Cliff Veissman, Inc., 2016 WL 950948, at *3 (N.D. Ill. Mar. 7, 2016); Tompkins v. Detroit Metro. Airport, 278 F.R.D. 387, 388 (E.D. Mich. 2012) ("Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view."). "Discovery is not to be used as a fishing expedition" and "without some reason to conclude that the pond might be stocked, one cannot demand to "fish." Sirazi v. Panda Express, Inc., 2009 WL 4232693, at *3 (N.D. Ill. Nov. 24, 2009); E.E.O.C. v. Harvey L. Walner & Associates, 91 F.3d 963, 971-972 (7th Cir.1996); C & C Jewelry Mfg., Inc. v. West, 2011 WL 2559638 (N.D. Cal. June 28, 2011) ("As a logical matter, this court is unconvinced that sales of C & C's non-accused products, which reportedly are not made of tungsten carbide, have any relevance to the accused rings.

There is nothing in the record presented to suggest, for example, that sales of C & C's other products are driven by or otherwise connected to the accused rings."). Defendant's objections notwithstanding, Defendant directs Plaintiff to the response to Interrogatory No. 1.

**Request No. 2**        Documents, electronically stored information, and things supporting your response to Interrogatory No. 2, including each Unauthorized Product listing page and all Unauthorized Product listing images.

    **Answer.**        Defendant directs Plaintiff to D0001-0002.

**Request No. 3**        Listing images for each product identified in response to Interrogatory No. 5.

    **Answer.**        Defendant objects to the request in that it is overbroad, and the request is not tailored to relevant information only. See, e.g., Ye v. Cliff Veissman, Inc., 2016 WL 950948, at *3 (N.D. Ill. Mar. 7, 2016); Tompkins v. Detroit Metro. Airport, 278 F.R.D. 387, 388 (E.D. Mich. 2012) ("Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view."). "Discovery is not to be used as a fishing expedition" and "without some reason to conclude that the pond might be stocked, one cannot demand to "fish." Sirazi v. Panda Express, Inc., 2009 WL 4232693, at *3 (N.D. Ill. Nov. 24, 2009); E.E.O.C. v. Harvey L. Walner & Associates, 91 F.3d 963, 971-972 (7th Cir.1996); C & C Jewelry Mfg., Inc. v. West, 2011 WL 2559638 (N.D. Cal. June 28, 2011) ("As a logical matter, this court is unconvinced that sales of C & C's non-accused products, which reportedly are not made of tungsten carbide, have any relevance to the accused rings. There is nothing in the record presented to suggest, for example, that sales of C & C's other products are driven by or otherwise connected to the accused rings.").

Defendant further objects to this Request on the grounds that it exceeds the scope of expedited discovery set forth in the TRO.

**Request No. 4**   Documents, electronically stored information, and things relating to each communication from You to United States consumers, including, but not limited to, advertisements, invoices, receipts, purchase confirmation emails, and shipping confirmation emails.

   **Answer.**   Defendant objects to the request in that it is overbroad, and the request is not tailored to relevant information only. See, e.g., <u>Ye v. Cliff Veissman, Inc.</u>, 2016 WL 950948, at *3 (N.D. Ill. Mar. 7, 2016); <u>Tompkins v. Detroit Metro. Airport</u>, 278 F.R.D. 387, 388 (E.D. Mich. 2012) ("Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view."). "Discovery is not to be used as a fishing expedition" and "without some reason to conclude that the pond might be stocked, one cannot demand to "fish." <u>Sirazi v. Panda Express, Inc.</u>, 2009 WL 4232693, at *3 (N.D. Ill. Nov. 24, 2009); <u>E.E.O.C. v. Harvey L. Walner & Associates</u>, 91 F.3d 963, 971-972 (7th Cir.1996); <u>C & C Jewelry Mfg., Inc. v. West</u>, 2011 WL 2559638 (N.D. Cal. June 28, 2011) ("As a logical matter, this court is unconvinced that sales of C & C's non-accused products, which reportedly are not made of tungsten carbide, have any relevance to the accused rings. There is nothing in the record presented to suggest, for example, that sales of C & C's other products are driven by or otherwise connected to the accused rings."). Defendant further objects to this Request on the grounds that it exceeds the scope of expedited discovery set forth in the TRO.

**Request No. 5**   Documents, electronically stored information, and things sufficient to show advertisements targeting the United States, including without limitation, advertisements

on social media, search engines, and marketplace platforms.

> **Answer.** Defendant objects to the request in that it is overbroad, and the request is not tailored to relevant information only. See, e.g., <u>Ye v. Cliff Veissman, Inc.</u>, 2016 WL 950948, at *3 (N.D. Ill. Mar. 7, 2016); <u>Tompkins v. Detroit Metro. Airport</u>, 278 F.R.D. 387, 388 (E.D. Mich. 2012) ("Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view."). "Discovery is not to be used as a fishing expedition" and "without some reason to conclude that the pond might be stocked, one cannot demand to "fish." <u>Sirazi v. Panda Express, Inc.</u>, 2009 WL 4232693, at *3 (N.D. Ill. Nov. 24, 2009); <u>E.E.O.C. v. Harvey L. Walner & Associates</u>, 91 F.3d 963, 971-972 (7th Cir.1996); <u>C & C Jewelry Mfg., Inc. v. West</u>, 2011 WL 2559638 (N.D. Cal. June 28, 2011) ("As a logical matter, this court is unconvinced that sales of C & C's non-accused products, which reportedly are not made of tungsten carbide, have any relevance to the accused rings. There is nothing in the record presented to suggest, for example, that sales of C & C's other products are driven by or otherwise connected to the accused rings."). Defendant further objects to this Request on the grounds that it exceeds the scope of expedited discovery set forth in the TRO.

**Request No. 6** Documents, electronically stored information, and things sufficient to show the current balance for any Financial Account identified in response to Interrogatory No. 6 of Plaintiff's First Set of Interrogatories.

> **Answer.** Defendant directs Plaintiff to D0003.

**Request No. 7** Documents, electronically stored information, and things relating to Your policies concerning retention, storage, filing, and destruction of electronic documents and email.

**Answer.** Defendant objects to the request in that it is overbroad, and the request is not tailored to relevant information only. See, e.g., Ye v. Cliff Veissman, Inc., 2016 WL 950948, at *3 (N.D. Ill. Mar. 7, 2016); Tompkins v. Detroit Metro. Airport, 278 F.R.D. 387, 388 (E.D. Mich. 2012) ("Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view."). "Discovery is not to be used as a fishing expedition" and "without some reason to conclude that the pond might be stocked, one cannot demand to "fish." Sirazi v. Panda Express, Inc., 2009 WL 4232693, at *3 (N.D. Ill. Nov. 24, 2009); E.E.O.C. v. Harvey L. Walner & Associates, 91 F.3d 963, 971-972 (7th Cir.1996); C & C Jewelry Mfg., Inc. v. West, 2011 WL 2559638 (N.D. Cal. June 28, 2011) ("As a logical matter, this court is unconvinced that sales of C & C's non-accused products, which reportedly are not made of tungsten carbide, have any relevance to the accused rings. There is nothing in the record presented to suggest, for example, that sales of C & C's other products are driven by or otherwise connected to the accused rings."). Defendant further objects to this Request on the grounds that it exceeds the scope of expedited discovery set forth in the TRO.

**Request No. 8** Documents, electronically stored information, and things relating to Your contracts with third-parties to sell and ship Unauthorized Products into the United States, including without limitation, marketplace platforms.

**Answer.** Defendant objects to the request in that it is overbroad, and the request is not tailored to relevant information only. See, e.g., Ye v. Cliff Veissman, Inc., 2016 WL 950948, at *3 (N.D. Ill. Mar. 7, 2016); Tompkins v. Detroit Metro. Airport, 278 F.R.D. 387, 388 (E.D. Mich. 2012) ("Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.").

"Discovery is not to be used as a fishing expedition" and "without some reason to conclude that the pond might be stocked, one cannot demand to "fish." Sirazi v. Panda Express, Inc., 2009 WL 4232693, at *3 (N.D. Ill. Nov. 24, 2009); E.E.O.C. v. Harvey L. Walner & Associates, 91 F.3d 963, 971-972 (7th Cir.1996); C & C Jewelry Mfg., Inc. v. West, 2011 WL 2559638 (N.D. Cal. June 28, 2011) ("As a logical matter, this court is unconvinced that sales of C & C's non-accused products, which reportedly are not made of tungsten carbide, have any relevance to the accused rings. There is nothing in the record presented to suggest, for example, that sales of C & C's other products are driven by or otherwise connected to the accused rings."). Defendant further objects to this Request on the grounds that it exceeds the scope of expedited discovery set forth in the TRO.

**Request No. 9**     All documents, electronically stored information, and things consulted or used in connection with the preparation of Defendant's responses to Plaintiff's First Set of Interrogatories to Defendant and these Document Requests.

       **Answer.**     The request to produce "all documents" is overly broad. Courts have even found the language of the request to be overly broad even when there is a limiting modifier to the request. In Sabratek Liquidating LLC v. KPMG LLP, the court found overly broad the request to produce every document referring to Sabratek that defendant has in its possession. Id., 2002 WL 31520993, at *4 (N.D. Ill. Nov. 13, 2002). While the request in Sabratek was limited in some way, the court still found it to be overly broad. *See also*, Yigang Cai v. Nokia of Am. Corp., No. 20-cv-02642 Dkt. 47, at *3 (N.D. Ill. May 7, 2021) (despite that the request for all documents was limited only to documents that relate to the age of the respondents, the court found the request overly broad as not every document with the respondent's date of birth

is relevant to the suit.). For example, if a request for production of "all documents" is modified by an omnibus term such as "relating to", "pertaining to" or "concerning", the document request is generally overly broad on its face. *See, e.g.,* Hoyme v. Allied Prop. & Cas. Ins. Co., 2009 WL 10722466, at *2 (D.S.D. Dec. 1, 2009); Builders Ass'n of Greater Chicago v. City of Chicago, 2001 WL 1002480, at *2 (N.D. Ill. Aug. 30, 2001), *quoting,* Schartz v. Unified School Dist. No. 512, 1996 WL 741384, *1 (D.Kan.1996) ("It has been noted that the use of an "omnibus phrase" like "related to" when applied to general categories of documents is generally objectionable, because it imposes on the respondent "the arduous task of determining what documents or other information may or may not relate to the subject matter of the particular request for discovery.").

**Request No. 10**      All documents, including but not limited to, communications with consumers and consumer reviews on any platform, website or through any email, in which any party has referenced, referred to, or mentioned Capcom, Resident Evil, Unauthorized Products, Plaintiff's Trademarks, and/or Plaintiff's Copyrighted Works.

> **Answer.**      The request to produce "all documents" is overly broad. Courts have even found the language of the request to be overly broad even when there is a limiting modifier to the request. In Sabratek Liquidating LLC v. KPMG LLP, the court found overly broad the request to produce every document referring to Sabratek that defendant has in its possession. Id., 2002 WL 31520993, at *4 (N.D. Ill. Nov. 13, 2002). While the request in Sabratek was limited in some way, the court still found it to be overly broad. *See also,* Yigang Cai v. Nokia of Am. Corp., No. 20-cv-02642 Dkt. 47, at *3 (N.D. Ill. May 7, 2021) (despite that the request for all documents was limited only to documents that relate to the age of the respondents, the court found

the request overly broad as not every document with the respondent's date of birth is relevant to the suit.). For example, if a request for production of "all documents" is modified by an omnibus term such as "relating to", "pertaining to" or "concerning", the document request is generally overly broad on its face. *See, e.g.,* Hoyme v. Allied Prop. & Cas. Ins. Co., 2009 WL 10722466, at \*2 (D.S.D. Dec. 1, 2009); Builders Ass'n of Greater Chicago v. City of Chicago, 2001 WL 1002480, at \*2 (N.D. Ill. Aug. 30, 2001), *quoting*, Schartz v. Unified School Dist. No. 512, 1996 WL 741384, \*1 (D.Kan.1996) ("It has been noted that the use of an "omnibus phrase" like "related to" when applied to general categories of documents is generally objectionable, because it imposes on the respondent "the arduous task of determining what documents or other information may or may not relate to the subject matter of the particular request for discovery.").

Dated:         October 14, 2025

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendant*
